UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MALCOLM BRYAN | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:10-cv-169 |
| | ) | *Greer/Inman* |
| WASHINGTON COUNTY SHERIFF'S | ) | |
| DEP'T, WASHINGTON COUNTY | ) | |
| DETENTION CENTER, SOUTHERN | ) | |
| HEALTH PARTNERS, NURSE | ) | |
| HEATHER, and NURSE EMILY | ) | |

**MEMORANDUM and ORDER**

Acting *pro se*, Malcolm Bryan, a prisoner in the Washington County Detention Center ("WCDC"), brings this civil rights complaint under 42 U.S.C. § 1983, alleging that he has been denied medical care by defendants. Plaintiff's application to *proceed in forma pauperis* is **GRANTED** [Doc. 3], and he is **ASSESSED** the civil filing fee of $350.00.

Therefore, under 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint. After that initial payment, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the correctional facility wherein plaintiff is housed to ensure collection of the incremental payments of the filing fee. Payments should be sent to: <u>Clerk, United States District Court; 220 W. Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

### I. Screening the Complaint

A federal court presented with a prisoner's civil complaint, which is filed *in forma pauperis*, must screen it and must dismiss it if it is frivolous or malicious, if it fails to state a claim for relief, or if a plaintiff seeks monetary relief from defendant officials who are immune from suit. *See* 28 U.S.C. § 1915A. Moreover, *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines the complaint in light of those requirements.

### II. Plaintiff's Allegations

Plaintiff alleges that in the afternoon of November 11, 2009, he went to WCDC's medical unit, complaining that he had not voided in two days. Defendant Nurse Heather catheterized him but did not draw any urine from his bladder, voicing her opinion that he had voided. She instructed plaintiff to return to his cell. He complied, but three hours later, he was in the Emergency Room at the Johnson City Medical Center and was later admitted by the Emergency Room doctor for kidney failure. The doctors tell him that his kidneys are functioning at 20%.

Plaintiff followed all the doctors' orders, was released from the hospital on November 20, 2009, but needed to see other doctors. Nonetheless, the medical department has not made the necessary appointments. Plaintiff also has an infection in his big toe, but the nurses have told him

that his medical problems stem from diabetes, and will not even look at him. In addition,"[t]he medical" has lost his laboratory results and has denied him information about the matter. Plaintiff has filed grievances, but no action has been taken. Finally, he asks that something be done if a "backlash" against him occurs after he files this complaint.

### III. Discussion

1. *Applicable Law*

Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle*, 429 U.S. at 104. An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

2. *Analysis*

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. Plaintiff's contentions do not indicate that defendants disregarded his

need for medical care, indeed, he has received a great deal of medical treatment, including being been seen by nurses, catheterized, taken to the Emergency Room, and admitted to the hospital, and he continues to receive care. *Farmer*, 511 U.S. at 835-36 (concluding that, by taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). The fact that the nurses attribute his problems to his diabetic condition and fail to take the additional steps to resolve his health issues which plaintiff feels are necessary, is not a constitutional matter but is, if anything, medical negligence.

Insofar as plaintiff's unfulfilled request to see other doctors is concerned, the Eighth Amendment does not require that every request for medical care made by prisoner be honored. *Fitzke v. Shappelle*, 468 F.2d 1072, 1076 (6th Cir. 1972). Moreover, plaintiff has presented no allegations of fact from which to infer that any defendant possessed the requisite state of mind of deliberate indifference. Absent contentions to show that defendants knew that plaintiff would be exposed to an excessive risk of harm unless his problems were addressed by other doctors, there is no viable claim of deliberate indifference. *Farmer*, 511 U.S. at 837 (finding deliberate indifference where prison official knows facts from which he could draw an inference of the existence of a substantial risk of harm *and where he actually draws the inference*) (emphasis supplied).

    3. <u>Anticipated Backlash</u>

Prison officials who retaliate against a prisoner for engaging in protected conduct, such as filing a lawsuit, violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*). If plaintiff believes that he is being subjected to a "backlash" for filing this action, he may present the retaliatory conduct as a constitutional claim in a civil rights complaint, but only if retaliation actually occurs and is not just feared. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 601 (6th

Cir. 1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.") (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir.1996)).

## IV. Conclusion

The Court **FINDS**, for the above reasons, that plaintiff has failed to state a claim entitling him to relief under § 1983 and that, on that basis, this case should be and will be **DISMISSED**.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE